**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **CASE NO. 19-CR-298 (KBJ)** |
| | : | |
| **HARTLEY JAMES LEE,** | : | |
| | : | |
| **Defendant.** | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.   Summary of the Plea Agreement

Defendant Hartley James Lee agrees to admit guilt and enter a plea of guilty to Count One of the Indictment, charging him with Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

II.   Elements of the Offense

The essential elements of the offense of with Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), each of which the government must prove beyond a reasonable doubt, are:

1. The defendant knowingly possessed the firearm and ammunition as charged.

2. At the time he possessed the firearm and ammunition, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. At the time he possessed the firearm and ammunition, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

4. The firearm and ammunition was shipped and transported in interstate or foreign commerce.

III. Penalties for the Offense

The penalty for with Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) is as follows:

1. a maximum term of imprisonment not to exceed five (10) years;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than three (3) years; and
4. a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

III. Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

Defendant was convicted of two counts of transporting a handgun in public and on a roadway, as well as one count of unlawful removal of property in State of Maryland v. Lee, Case No. CT180859X, 181243B. On October 5, 2018, Defendant was sentenced to two years' incarceration, all of which was suspended, and Defendant was placed on three years' supervised probation. Defendant was on probation in that case when he was arrested in this case.

On August 30, 2019, at approximately 4:51 p.m., Metropolitan Police Department ("MPD") 7th District Crime Suppression Team ("CST") Officers executed a search warrant at

2330 Good Hope Rd SE, Apt No. 615, in Washington, D.C. MPD Sergeant Atcheson conducted a knock and announce at the door. No one answered the door, so CST entered the apartment. Inside of the apartment, officers located Hartley James Lee (hereinafter "Lee" or "the defendant") in the living area of the studio apartment. The defendant was the sole occupant of the residence.

Pursuant to the search warrant, officers conducted a search of the studio apartment, which only had a single bed and a single couch (and no separate bedroom). Inside of a shoe box found in a closet, law enforcement located and seized a black Glock 19, 9mm pistol, Serial Number MHC605 with laser attachment. The pistol had one round chambered and 10 rounds in the magazine. Law enforcement located a plastic Glock pistol case with an extended magazine filled with 30 rounds of 9mm ammunition and 12 rounds of loose 9mm ammunition. Glock pistols are manufactured in Austria and imported into the United States, therefore the firearm traveled in and affected interstate and foreign commerce. No ammunition is manufactured in the District of Columbia, so the ammunition likewise traveled in and affected interstate commerce.

Lee was taken into custody and transported to the MPD's 7th District where he was advised of his Miranda rights, which he waived, and consented to being interviewed. During the course of this interview, Lee admitted, among other things, that he had handled at least two guns in the week prior, including a Glock, and that he knew he wasn't allowed to handle guns. Lee further admitted that he handles real, loaded guns while videotaping himself rapping and that he posts those videos to the internet. This interview was memorialized via video-recording.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that

there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offense to which he is pleading guilty.

                                              Respectfully submitted,

                                              Michael R. Sherwin
                                              Acting United States Attorney

By:    */s/ James B. Nelson*
            James B. Nelson
            Assistant united States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). I have discussed this proffer fully with my attorney, Andrew O. Clarke, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 8/18/20

Hartley James Lee
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to Mr. Lee's guilty plea to one count of Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). I have reviewed the entire proffer with him and have discussed it with him fully. I concur in Mr. Lee's agreement with and acceptance of this proffer.

Date: 8-28-2020

Andrew O. Clarke, Esq.
Counsel for Defendant