# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 19-CR-298 (KBJ)** |
| | : | |
| **HARTLEY JAMES LEE,** | : | **UNDERSEAL** |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' *EX PARTE* MOTION TO ISSUE AN ARREST WARRANT AND ORDER DEFENDANT TO SHOW CAUSE WHY HIS SUPERVISED RELEASE SHOULD NOT BE REVOKED

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court, *ex parte*, to issue an arrest warrant for Defendant so that he may appear and Show Cause why his Supervised Release should not be revoked.[1]  The bases for the United States' Motion follow.

### PROCEDURAL HISTORY

On August 31, 2019, Defendant was arrested and charged via criminal complaint with Unlawful Possession of a Firearm by a Person who had Previously Been Convicted of a Crime Punishable by More Than One Year in Prison, in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 1). On September 6, 2019, a federal grand jury sitting in the District of Columbia returned a one count Indictment charging Defendant with Unlawful Possession of a Firearm by a Person who had Previously Been Convicted of a Crime Punishable by More Than One Year in Prison, in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 6). On September 16, 2019, United States Magistrate

---

[1] The United States Attorney's Office is authorized to initiate such proceedings pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 32.1, and Local Rule 32.1, even where the United States Probation Office declines to do so. United States v. Barry, Case No. 05-556M (TFH/DAR), 2007 WL 1232189, at ** 2-3 (April 26, 2007).

Judge Robin M. Meriweather ordered that Defendant be held without bond pending trial in this matter. (Docket Entry 8).

On September 3, 2020, Defendant pleaded guilty to the single count of the Indictment pursuant to a written plea agreement. Minute Order, 9/3/2020; (Docket Entries 28, 29). As part of his Plea Agreement, Defendant agreed to a written statement of the offense, which included the fact that, upon his arrest in this case:

> [Defendant] was taken into custody and transported to the MPD's 7th District where he was advised of his *Miranda* rights, which he waived, and consented to being interviewed. During the course of this interview, [Defendant] admitted, among other things, that he had handled at least two guns in the week prior, including a Glock, and that he knew he wasn't allowed to handle guns. [Defendant] further admitted that he handles real, loaded guns while videotaping himself rapping and that he posts those videos to the internet

(Docket Entry 29, at 3).

On November 12, 2020, the Court granted the United States' motion for a sentencing variance, and sentenced Defendant to time served followed by 3 years of Supervised Release.  The terms of Defendant's Supervised Release require him to comply with all state, local, and federal laws – including those prohibiting a felon from possessing a firearm.  18 U.S.C. § 3563(a)(1).  Defendant's Supervised Release further, specifically prohibits him from possessing a controlled substance. 18 U.S.C. § 3563(a)(3).

## ANALYSIS

During the sentencing hearing, Defendant – both personally, and through counsel – assured the Court that Defendant understood the error of his ways and that he was prepared to take the steps necessary to turn his life around. In reality, it appears that Defendant went back to committing the offenses that led to his conviction in this case immediately upon his release.

On December 10, 2020, less than a month after having been sentenced in this case, Defendant uploaded a video for the rap song "First Day Out (Official Video)" which Defendant performed under his stage name "187BabyLuck."   *Available at www.youtube.com/watch?v= w2xgrjHXGbg* (last visited January 4, 2021). In this video, Defendant raps about having just been released from prison, including the repeated chorus: "First day out, I don't know how to act. Just came home, I fucked up the racks."  Given Defendant's appearance in the video, as well as the lyrical context of the song, it is obvious that the video was produced and uploaded during Defendant's term of Supervised Release.

Screenshots of the video clearly show Defendant in possession of firearms, which is both consistent with his admission in this case and a violation of the terms of his supervised release.













187BabyLuck - First Day Out (Official Video) Shot By @ChasinSaksFilms
945 views • Dec 10, 2020



187BabyLuck - First Day Out (Official Video) Shot By @ChasinSaksFilms
945 views • Dec 10, 2020



Defendant was also in possession of what appeared to be controlled substances, specifically marijuana and prescription pills during the video.





In addition to the "First Day Out" video, Defendant posted numerous photographs of himself with firearms on his Instagram page, where he utilizes the username "187babyluck." Specifically, Defendant posted these photos on November 29, 2020, less than three weeks after his sentencing in this case.



Defendant also posted the following photograph depicting him holding a semi-automatic handgun with a laser sight to his Instagram story on December 16, 2020:



Both the "First Day Out" video and the Instagram posts demonstrate separate violations of Defendant's supervised release. Moreover, both the number of violations since Defendant's release, and the brazenness of publishing them on the Internet, demonstrates that Defendant continues to lack respect for both the law and the authority of this Court.

WHEREFORE, the United States respectfully requests that the Court issue a bench warrant for Defendant's arrest and schedule a hearing regarding revocation of the Defendant's supervised release.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
New York Bar No. 4444188

By:     */s/ James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov